IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PURCELL BRONSON, )<br>        Plaintiff )<br>        )<br>vs. )<br>        )<br>MAXINE OVERTON; DOCTOR BAKER )<br>RAYMOND SOBINA; and CINDY )<br>WATSON, )<br>        )<br>        Defendants ) | Civil Action No.08-52E<br>Judge Alan Bloch /<br>Chief U.S. Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

Recommendation

It is respectfully recommended that the order granting Plaintiff's application for leave to proceed in forma pauperis be vacated and that Plaintiff be required to pay the filing fee within 21 days of adoption of this report or face dismissal for failure to prosecute.

Report

Plaintiff was, at the initiation of this suit, incarcerated at SCI-Albion, which is located within the territorial limits of the United States District Court for the Western District.[1] In Plaintiff's original civil rights complaint, Plaintiff sued Maxine Overton, Dr. Baker, Raymond

---

[1] As of August 8, 2008, Plaintiff was transferred to SCI-Mahanoy, in Frackville, Pennsylvania, where he is currently incarcerated. Dkt. [50]. Hence, all of his requests for injunctive relief are now moot as against all the defendants other than Cindy Watson, who works or worked for the Department of Corrections (DOC) Secretary's Office of Inmate Grievance and Appeals because he is no longer subject to the control of the other defendants all of whom apparently work or worked for SCI-Albion. Marrie v. Nickels, 70 F.Supp.2d 1252, 1259 (D.Kan. 1999) ("Generally, an inmate's transfer to another prison or release moots his request for declaratory or injunctive relief.") (collecting cases). See also Chapdelane v. Keller, No. 95-CV-1126, 1998 WL 357350 (N.D.N.Y. April 16, 1998).

Sobina and Cindy Watson. Dkt. [1-2]. The sum total of Plaintiff's factual complaints were that

> 1) On November 28 [and] 29, 2007, Plaintiff sought to see a doctor for [a] physical examination of his ailments of his right knee tendon/ligament tear, relapse of ankle surgery, system-wide arthritis and painful muscle cramps.
> 2) These sick call requests were submitted when defendant Baker stated on Nov. 8, 2007, that he would first order a blood test, and once these results came back, he would call Plaintiff back over to discuss the blood test results and address Plaintiff's other concerns. He failed/refused to do so. Plaintiff's medical health has deteriorated.
> 3) When Plaintiff's Nov. 28 [and] 29 sick call slips were not processed, he filed grievance # 209827 concerning same.
> 4) Defendant Overton, Hospital Administrator responded to said grievance, by stating that "no requests have been received from inmate Bronson since he was last seen by Dr. Baker on November 8, 2007."

Dkt. [1-2] at 2. By way of relief, Plaintiff seeks declaratory and injunctive relief. In addition, he seeks compensatory damages.

This case was originally and mistakenly assigned to another Magistrate Judge who, not being as familiar with Plaintiff's history of litigiousness, granted Plaintiff's IFP motion. However, because Plaintiff has acquired at least three strikes, Plaintiff's IFP motion should have been denied and, accordingly, the order granting Petitioner leave to proceed in forma pauperis should be vacated and Plaintiff ordered to pay the filing fee within twenty-one days of the Court's adoption of this Report or face dismissal for failure to prosecute.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., NO. CIV.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The Court takes judicial notice of court records and dockets of the Federal Courts located

in the Commonwealth of Pennsylvania as well as those of the Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[2] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[3]

Plaintiff has indeed accumulated at least three strikes. See, e.g., Bronson v. Beaven, No. 08-3981 (3d Cir. Order filed Feb. 26, 2009 denying Petitioner leave to proceed IFP on appeal because "Bronson has had at least three cases dismissed as frivolous. See C.A. 97-3056,[4] 96-7771[5] and 93-3307.[6]"). Accordingly, because Plaintiff has at least three strikes, Plaintiff may

---

[2] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

[3] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

[4] Bronson v. Edwards, No. 97-3056 (3d Cir. Order of 5/27/1997 dismissing appeal as frivolous).

[5] Bronson v. Newfield, No. 96-7771 (3d Cir. Order of 6/18/1997 dismissing appeal as frivolous).

[6] Bronson v. Stapleton, No. 93-3307 (3d Cir. Order of 12/28/1993 dismissing appeal pursuant to 28 U.S.C. § 1915(d)).

not proceed IFP.

Nor do we find that Plaintiff's factual allegations contained in the original complaint, i.e., that on or about November 28 and 29, 2007, he was not examined, and/or that Dr. Baker did not follow up as promised on November 8, 2007, bring Plaintiff within the exception of "imminent danger of serious physical injury" as of February 1, 2008, the date the complaint was deemed filed.[7] We note that February 1, 2008 is more than two months after the date Plaintiff was allegedly not examined and/or not followed up on by Dr. Baker. Abdul-Abkar v. McKelvie, 239 F.3d 307 (3d Cir. 2001)(imminent danger of physical injury must be assessed as of the time of filing the complaint). We note the lack of any factual allegations of what treatment/exams Plaintiff received in the interim between the alleged incidents of November 28, and 29, 2007 and the date his complaint was deemed filed, i.e., February 1, 2008. Plaintiff does not affirmatively deny that he received treatment/examinations/tests in the interim. We further note that Plaintiff himself adduced evidence that as of November 30, 2007, Plaintiff was informed that he was scheduled for an appointment with a doctor as per a physician assistant's statement. Dkt. [37] at 3 (bottom of page). On this basis alone, i.e., the delay in time between the allegations of not being seen in late November 2007 and the filing of the complaint in February 2008, Plaintiff failed to demonstrate he comes within the imminence exception.

---

[7] Pursuant to the prisoner mail box rule, the date a prisoner signs his civil rights complaint is the date he is deemed to have filed the complaint. Davis v. County of Allegheny, Civ.A. No. 09-415, 2010 WL 1136295, at *2 n.1 (W.D.Pa. Feb. 5, 2010)("In the absence of evidence as to when Plaintiff gave his Section 1983 complaint to the prison authorities for mailing for purposes of applying the prisoner mail box rule, (or absent other reasons for believing otherwise, such as extended delay between the date of signing and the date the court receives the pleading), the court deems the complaint to have been filed on the date he signed his civil rights complaint, i.e., March 23, 2009.").

The failure of a doctor to allegedly see and/or follow up with Plaintiff occurred in mid to late November 2007. Plaintiff is, under the prisoner mail box rule, deemed to have filed his complaint on February 1, 2008, the date he signed the complaint. Even taking into account the time required to exhaust administrative remedies, Plaintiff's delay of nearly two months in filing this suit fails to satisfy the "imminence" requirement. Abdul-Akbar v. McKelvie, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"). For example, in Abdul-Akbar, a prisoner with three strikes, filed on February 10, 1998, a motion for leave to proceed IFP in a civil rights suit, which alleged that on January 9, 1998, prison officials arbitrarily sprayed the prisoner with pepper gas and thereafter refused to provide him with medical treatment even though the prison officials knew the prisoner suffered from asthma. The District Court denied the prisoner IFP status based on his having three strikes. The prisoner appealed, and the Court of Appeals, en banc, speaking through Judge Aldisert, held that notwithstanding the passage of less than one month, between the incident and the filing of the IFP application, the prisoner plaintiff did not demonstrate imminent danger of serious physical injury. The majority of the Court held such even though the dissent argued that the prisoner was under an ongoing imminent danger of physical injury because he was still subject to the control of the same guards that had sprayed him with the pepper gas.

Here, Plaintiff's case is even weaker than the prisoner's case in Abdul-Akbar. Whereas 31 days passed between the pepper spray incident and the prisoner's filing of his IFP application in Abdul-Akbar, in contrast, Plaintiff waited for more than two months to file his complaint. If the danger to the prisoner in Abdul-Akbar was past and not imminent after 31 days had passed, *a*

*fortiori*, the danger to Plaintiff from him not being examined on November 28 and/or 29, 2007 and not being followed up on, (as allegedly Plaintiff was told he would be, after November 8, 2007), herein had certainly passed and was not "imminent" after nearly two months- twice the time in Abdul-Akbar. Hence, the order granting Plaintiff IFP status should be vacated.

Morever, we note that Plaintiff's case is even weaker than the prisoner in Abdul-Akbar in yet another way as well. In Plaintiff's case we have medical evidence of record that undermines Plaintiff's claims, whereas in the Abdul-Akbar case, there was no medical evidence before the District Court in that case. Abdul-Akbar v. McKelvie, 1:98-CV-137 (D.Del. Docket available on PACER, showing no hearings and the case being closed with only the IFP motion and a motion for leave to file a 1983 motion and the proposed complaint being entered on the docket before the case was closed in the District Court). We note that Plaintiff filed several motions for preliminary injunctions in this case and that the Magistrate Judge previously assigned to this case held a hearing on those motions and denied them. While it is true that the allegations contained in the original complaint[8] simply are insufficient to show an imminent danger, we need not rely on that fact alone. This is so because, based upon the evidentiary record created by the hearing on the injunctive relief motions, even when construed in light of Plaintiff's factual allegations that were contained in the original complaint, it is clear that Plaintiff failed to carry his burden to

---

[8] We note that Plaintiff has filed several amended complaints, Dkt. [16] (filed on 5/21/08); Dkt. [22] (filed on 6/5/08) (but subsequently stricken from the record); and Dkt. [49] (filed 7/30/08). However, had he not been mistakenly granted IFP status on the original complaint, he would not have been entitled to file those amendments to his complaint. Nor do those amended complaints (other than Dkt. [49], which alleged a retaliatory transfer and which does not allege imminent risk) differ or add much to the original allegations contained in the original complaint. Hence, neither do those amended complaints bring Plaintiff within the exception permitting a three struck prisoner to proceed IFP.

6

prove entitlement to proceed IFP, i.e., failed to sufficiently show an imminent danger of serious physical injury. That evidentiary record establishes that Plaintiff was being treated and examined and provided ongoing health care by DOC even if it was not of the kind or on the schedule Plaintiff desired. Dkt. [88] at pp. 8-16. Accordingly, the order granting Plaintiff leave to proceed in forma pauperis should be vacated and Plaintiff ordered to pay the filing fee within 21 days of the adoption of the Report or face dismissal for failing to prosecute.

Conclusion

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation, a copy of which docket entry is being mailed to Plaintiff along with the Report. Failure to timely file objections may constitute a waiver of any appellate rights. Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
Chief United States Magistrate Judge

Dated: 27 May, 2010

cc:    The Honorable Alan N. Bloch
       United States District Judge

       Purcell Bronson
       AF-8163
       SCI Mahanoy
       301 Morea Road
       Frackville, PA 17932

All Counsel of Record via CM-ECF